UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA J. CASTRO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILIARLY SITUATED<br>    Plaintiff<br><br>v.<br><br>ASSOCIATED CREDIT SERVICES, INC.<br>    Defendant | CIVIL ACTION<br><br>CLASS ACTION COMPLAINT<br><br><br><br>MAY 4, 2011 |

## I. INTRODUCTION

1. Maria J. Castro brings this suit on behalf of herself and all those similarly situated in Connecticut against Associated Credit Services, Inc., a debt collector, on account of its attempted collection of fees in an amount in excess of that permitted by law (the "Class"), as described more fully below, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Conn. Gen. Stat. § 36a-805(a)(13).

2. Plaintiff brings this class action in accordance with the FDCPA, 15 U.S.C. § 1692, *et. seq.* See 15 U.S.C. § 1692k(a)(2)(B) and (b)(2). Plaintiff alleges that Defendant, in connection with hundreds of consumer debts, has attempted to collect fees associated with the collection of the debt in excess of that permitted by applicable state law.

## II. PARTIES

3. The Plaintiff, Maria J. Castro, is a natural person residing in Norwalk, Connecticut.

4. Defendant, Associated Credit Services, Inc., is a Massachusetts corporation located in Massachusetts and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).The Defendant uses instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts.

## III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and Fed. R. Civ. P. 23(a).

6. Venue in this Court is proper, as the Plaintiff and the Class members are residents of Connecticut and the violative conduct that is the subject of this litigation was conducted within this State.

## IV. PLAINTIFF'S TRANSACTION

7. Plaintiff defaulted upon a consumer related debt owed to TD Bank, N.A.

8. After default, the account was purchased by, or referred or assigned to Defendant for collection.

9. On or around January 14, 2011, and again on April 14, 2011, Defendant sent Plaintiff a collection notice informing her that the amount due on the account equaled $201.55.

10. The debt owed to the original creditor was $161.24.

11. The amount Defendant attempted to collect thus included a collection fee of $40.31.

12. The $40.31 collection fee constitutes 25% of the $161.24 debt.

## V. CLASS ALLEGATIONS

13. Paragraphs 1-12 are herein incorporated.

14. Plaintiff brings this action as a class action. The Class is comprised of individuals who reside in Connecticut to whom the Defendant sent a collection notice in which it included a collection fee that was greater than 15% of the amount of the debt.

15. The Class includes individuals to whom such notices were sent during the period beginning one year prior to the filing of this action and continuing until the date that the Court enters an order certifying the class.

16. Plaintiff is unable to state the precise number of potential Class Members, because that information is exclusively in the possession of Defendant and readily available through discovery. Plaintiff believes, and on that basis alleges, that the potential Class number is likely in excess of several hundred.

17. The proposed Class is so numerous that joinder of all members would be impracticable.

18. There is a community of interest among the members of the proposed Class in that there are questions of law and fact common to the proposed Class that predominate over questions affecting only individual members.

19. Plaintiff's claims are typical of those of the Class she seeks to represent.

20. Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

21. The common questions of law and fact predominate over any individual questions, in that the existence and extent of the collection or attempted collection of fees in excess of that permitted by law may be readily ascertained by reviewing the notices that Defendant prepared and sent, and any individual questions are subordinate to the common questions of whether Defendant's practices violate the FDCPA and whether the Class Members are entitled to recover damages.

22. A class action is superior to other methods for the fair and efficient adjudication of the controversy. Because the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members, and could create incompatible standards of conduct for the Defendant. Moreover, because most class members are unaware of the limitations on collection of fees sought by collection agencies, they are unlikely to bring an independent action, and a class action is the only way that these overcharges can be rectified.

## VI. CLAIMS FOR RELIEF

### Violations of 15 U.S.C. § 1692 *et seq.*

23. Paragraphs 1 through 22 are herein incorporated.

24. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, when it included a collection fee of greater than 15% in the collection notices

4

sent to the Plaintiff and to the class members. Defendant's violations include, but are not limited to, the following:

   a. It falsely represented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(a);

   b. It falsely represented the compensation which may be lawfully received by Defendant for the collection of the debt despite the limit on collection fees imposed by Conn. Gen. Stat. § 36a-805(a)(13), in violation of 15 U.S.C. § 1692e(2)(B); and,

   c. It attempted to collect fees associated with the collection of the debt in an amount in excess of that permitted by law, specifically, Conn. Gen. Stat. § 36a-805(a)(13), in violation of 15 U.S.C. § 1692f(1).

25. Pursuant to 15 U.S.C. § 1692k, Defendant is liable to the Plaintiff and the Class Members for their actual damages, $1,000 damages for each named plaintiff, and additional damages as the court may allow, plus the costs of the action, and a reasonable attorney's fee as determined by the Court.

   WHEREFORE, the Plaintiff seeks recovery of monetary damages; costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and such other relief as this Court deems appropriate.

**PLAINTIFF, MARIA J. CASTRO, Individually, And On Behalf Of The Class,**

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Matthew W. Graeber, Fed Bar No. ct27545
mgraeber@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457