UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2013 JAN 15 P 6: 12

| | |
|---|---|
| MARIA J. CASTRO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br>   Plaintiff<br><br>v.<br><br>ASSOCIATED CREDIT SERVICES, INC.<br>   Defendant | CIVIL ACTION NO.<br>3:11-cv-00737-AWT |

## ORDER AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE

The parties have moved for approval of the proposed settlement (the "Settlement") set forth in the *Settlement Agreement and Release* (the "*Settlement Agreement*") filed with the court on July 9, 2012. The court has considered all papers filed and held a hearing on January 15, 2013. Having obtained all information it deems material, the court has determined that the Settlement should be approved as fair, reasonable, and adequate. The total number of Class Members (as that term is defined in the *Settlement Agreement*) is approximately 9,604. Actual notice was sent by first-class mail to all Class Members at their last known mailing addresses. Additionally, the claims administrator, First Class, Inc., updated the addresses of the Class Members and re-mailed returned notices that were deliverable to the newer addresses. There were no objections to the Settlement and 3 Class Members opted-out of this lawsuit. A total of 249 Class Members submitted claims.

The court hereby enters this Final Judgment and Order of Dismissal with

Prejudice (the "Final Judgment"), which constitutes a final adjudication of this matter on the merits. Good cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1. The court has jurisdiction over the subject matter of this lawsuit with respect to all claims asserted, and personal jurisdiction over all parties to this lawsuit.

2. The definitions of terms set forth in the *Settlement Agreement* and in the *Order Concerning Notice and Scheduling* are incorporated herein as though fully set forth in this Final Judgment.

3. The court hereby approves the Settlement set forth in the *Settlement Agreement* and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class Members.

4. Plaintiff, individually and on behalf of the Class Members, sought relief, *inter alia*, from Defendant's conduct allegedly undertaken in violation of the Fair Debt Collection Practices Act. The court reaffirms that this action satisfies the requirements of Rule 23 with respect to the Settled Claims, as more fully described in the *Settlement Agreement*.

5. Due notice was provided to all potential Class Members. Such notice advised potential Class Members that they would be treated as Class Members unless they opted out by procedures set forth in the notice.

6. The parties are ordered promptly to carry out their respective obligations under the *Settlement Agreement*.

7. Neither this Final Judgment nor the *Settlement Agreement* or the fact that this case has been settled (a) is an admission, concession, or indication by Defendant of the validity of any claims in this case or of any liability, wrongdoing, or violation of law by Defendant; (b) shall be used as an admission of any fault, liability or wrongdoing by Defendant; or (c) shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant in any proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement or the provisions of any related order, notice, agreement or release, or to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

8. Subject to paragraph 5, the court hereby dismisses this lawsuit on the merits and with prejudice against all persons who are Class Members as to all Settled Claims against Defendant, as those terms are defined in the *Settlement Agreement*.

9. Subject to paragraph 5, all Class Members are hereby conclusively deemed to have released and discharged the Released Parties as to all Settled Claims. Notwithstanding the above, Plaintiff and the other Class Members have not released or discharged Defendant from performing its obligations under the *Settlement Agreement*.

10. Subject to paragraph 5, all Class Members are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any of the Settled Claims against Defendant.

11. The "*Notice of Pendency of Class Action, Proposed Settlement and Hearing*" annexed as *Exhibit 2* to the *Settlement Agreement* which sets forth the principal terms of the *Settlement Agreement*, together with the manner of distribution of

said notice by first-class mail to all Class Members who could be identified through reasonable efforts as entitled to compensation under the *Settlement Agreement*, constituted the best notice practicable under the circumstances. Said notice fully satisfied the requirements of Rule 23 and of due process.

12. For good cause shown, Class Counsel is awarded fees of $20,000, inclusive of costs and expenses, payable by Defendant to Class Counsel within ten days following the Effective Date.

13. Class Counsel is hereby ordered to submit a report to the court, with a copy to Defendant's counsel, within 30 days following the distribution of funds, providing an accounting of the distribution of the Settlement Fund.

14. Without affecting the finality of this judgment in any way, the court hereby retains continuing jurisdiction over (a) implementation of the Settlement and distributions to Class Members and others; (b) disposition of Settlement funds; (c) this lawsuit until this Final Judgment becomes effective and each and every act agreed to be performed pursuant to the *Settlement Agreement* has been performed; and (d) all parties to this lawsuit and the Class Members for the purpose of enforcing and administering the *Settlement Agreement*.

15. This Order constitutes a final judgment.

It is so ordered.

Signed this 15th day of January, 2013 at Hartford, Connecticut.

/s/ Alvin W. Thompson, USDJ

Alvin W. Thompson
United States District Judge